UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RAYMOND V. HAYES,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT CORP SOLUTIONS, INC.,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO.4:18-cv-01352<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes RAYMOND V. HAYES ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CREDIT CORP SOLUTIONS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Texas.

### PARTIES

4. Plaintiff is a 45 year old natural "person," as defined by 47 U.S.C. §153(39), residing in Houston, Texas, which lies within the Southern District of Texas.

5. Defendant is a "receivables management company that purchases and collects consumer debt."[1] Defendant is a corporation organized under the laws of the state of Delaware with its principal place of business located at 180 West Election Road, Suite 200, Draper, Utah.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of Defendant's attempts to collect upon an outstanding consumer debt ("subject debt") said to be owed by Plaintiff.

9. Upon information and belief, Defendant acquired collection rights to the subject debt after Plaintiff defaulted on his purported obligation to Synchrony Bank.

10. On or about March 9, 2018, Plaintiff received a collection letter from Defendant attempting to collect upon the subject debt.

---

[1] https://www.creditcorponline.com/customers/

11. This collection letter outlined that Defendant was attempting to collect upon the subject debt and mostly addressed the means by which Plaintiff could set up payment to address the subject debt.

12. The letter further stated, "To discuss your payment options, or if you have any other queries in relation to this account, please contact the writer quoting reference DT 30231028."

13. Immediately after this invitation to reach out to the "writer" of this letter, the collection letter's signature line reads:

> Yours faithfully,
> Workflow Analytics Ineligible

14. Upon belief, "Workflow Analytics Ineligible" was inserted into this collection letter by virtue of an error in the automated process by which Defendant's collection letters are generated.

15. Instead, Defendant's automated process of creating this letter likely meant to insert the name of the "writer," either an individual or entity, that purportedly wrote the collection letter.

16. Confused by the nature of Defendant's collection letter, Plaintiff spoke with Sulaiman regarding his rights.

17. Plaintiff has incurred costs and expenses consulting with and retaining his attorneys as a result of Defendant's conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff repeats and realleges paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

20. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

21. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed

or due to others. Further, Defendant is a business the principal purpose of which is the collection of debts.

22. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692e**

23. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

24. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

> "The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization

25. Defendant violated § 1692e and e(10) when it suggested that the collection letter was sent from a "Workflow Analytics Ineligible." This is a nonexistent entity. Therefore, it was inherently false to represent the letter was sent by a nonexistent entity.

26. Defendant violated § 1692e and e(10) when it falsely suggested that this letter was sent by a "writer." The collection letter suggested that Plaintiff could contact the "writer" with questions regarding the subject debt. A common sense reading of the letter suggests that the "writer" of the collection letter is "Workflow Analytics Ineligible." However, in the event Plaintiff were to have questions for the "writer," he would be unable to reach out to this "Workflow Analytics Ineligible" because this seems to be a person or entity that does not exist.

27. Defendant further violated § 1692e and e(10) when it falsely represented that the letter was sent by a person. The nature of the collection letter suggests that this letter was sent from a

collection agency or human being that would have sufficiently reviewed the information contained in the letter prior to it being sent to Plaintiff. However, the glaring errors in the collection letter demonstrate that no such review or consideration of the contents of the letter was engaged in by an entity or person. Instead, the letter appears to have been generated automatically and without any sort of verification of the information contained within the letter.

28. Additionally, Defendant violated § 1692e, e(10), and e(14) when it used the name "Workflow Analytics Ineligible" when collecting the subject debt. By virtue of inserting this language into the signature line of the collection letter sent to Plaintiff, Defendant used a name other than its true name in violation of the FDCPA.

WHEREFORE, Plaintiff, RAYMOND V. HAYES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

29. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

30. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

31. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

32. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.304

33. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19), prohibits debt collectors from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

34. Defendant violated the TDCA through the numerous deceptive and misleading representations it made in the collection letter from Defendant. The seemingly inadvertent inclusion of the "Workflow Analytics Ineligible" language was inherently false, deceptive, and created a significant sense of confusion regarding the nature of the collection letter and Defendant's collection efforts.

WHEREFORE, Plaintiff, RAYMOND V. HAYES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

| | |
|---|---|
| Dated: April 28, 2018 | Respectfully submitted, |
| s/ Nathan C. Volheim | s/Taxiarchis Hatzidimitriadis |
| Nathan C. Volheim, Esq. #6302103 | Taxiarchis Hatzidimitriadis, Esq. #6319225 |
| Federal I.D. No. 3098183 | Federal I.D. No. 3098150 |
| Counsel for Plaintiff | Counsel for Plaintiff |
| Admitted in the Southern District of Texas | Admitted in the Southern District of Texas |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Ave., Suite 200 | 2500 South Highland Ave., Suite 200 |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 568-3056 (phone) | (630) 581-5858 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |